IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRAD R. LADD | ) | CASE NO. 5:11-cv-00173 |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| TERRY TIBBALS, Warden | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |
| | ) | |

Petitioner, Brad R. Ladd ("Petitioner" or "Ladd"), filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on January 25, 2011.  Doc. 1.  Ladd challenges the constitutionality of his conviction and sentence in *State of Ohio v. Brad R. Ladd*, Case No. 2008CR2038 (Stark County) .  Doc. 1.  Ladd was convicted of one count of burglary, a felony, as charged in the indictment.  Doc. 9-1, Exhibits 1-2.  The trial court sentenced Ladd to five years on the burglary charge.  Doc. 9-1, Exhibit 3, p. 5.  Additionally, the trial court also found that Ladd had violated his post release control in Stark County Court of Common Pleas 1999CR0259 and sentenced him to an additional one year.  Doc. 9-1, Exhibit 3, p. 5.  The trial court imposed a total sentence of six years.  Doc. 9-1, Exhibit 3, p. 5.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.[1]  For the reasons set forth below, the undersigned

---

[1] The case was initially referred to United States Magistrate Judge Kenneth S. McHargh.  The case was subsequently reassigned to the undersigned Magistrate Judge pursuant to General Order 2011-18.

1

recommends that Ladd's petition for a writ of habeas corpus (Doc. 1) be **DENIED** and this action be dismissed with prejudice.

## I. FACTUAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Fifth District Court of Appeals summarized the facts underlying Ladd's conviction as follows:[2]

> {¶30} The owner of the house in question, Sue Ann Chu, returned home at approximately 9:10 a.m. on a snowy day and observed a vehicle in her driveway and her garage door open. T. at 68. The home is located on Marshallville Street in Canal Fulton, Ohio. T. at 67. The door from the garage to the house was standing wide open. Id. Ms. Chu had not left the garage door open before leaving her home that morning. T. at 69.
>
> {¶31} A man walked down the sidewalk next to the house and said "there is someone still in the house. He said his buddy is still in the house." T. at 70. The man got into the vehicle and drove away. Id. Ms. Chu got the license plate number and called the police. T. at 70-71.
>
> {¶32} Upon entering the house, a pillowcase was found by the front door with items stacked inside. T. at 72. Items were taken from the office desk and the bedroom dresser. T. at 72-73. The basement sliding glass door was broken. T. at 73. In the basement, wires were pulled from the ceiling and a projector was tampered with. Id. Photographs were presented representing the disarray in the home. T. at 77-79.
>
> {¶33} Chief Brink and Lawrence Township Police Patrolman Dan Lockwood responded to the call and observed "a man walking down the street coming up Marshallville Road." T. at 100. The man in question was appellant. T. at 115-116. Appellant was not "dressed appropriately for the weather, certainly to be out walking." T. at 116. Upon being stopped and questioned, appellant claimed he had been at his grandmother's house and "was coming up to the Park and Ride on Marshallville Street and 21 to get his car." T. at 100-101. Appellant stated he was

---

[2] The facts are taken from the decision in Ladd's appeal to the Fifth District Court of Appeals. Doc. 9-1, Exhibit 7.

driving his girlfriend's vehicle. T. at 101. Further investigation revealed appellant's story was not truthful. T. at 101, 117-119.

{¶34} Upon investigation at the scene, Chief Brink found tracks in the snow from the back sliding glass door right up to where they had encountered appellant. T. at 119. Chief Brink opined the footprints matched the tread on appellant's shoes. T. at 121.

{¶35} Robert Goines, a co-defendant, testified that he, appellant, and James Falloway were looking for a place to rob. T. at 166. After arriving at Ms. Chu's home, appellant knocked on the front door to see if anyone was home, and there was no answer. Id. They then went to the back of the house and appellant threw a brick through the sliding glass door. T. at 167. Appellant went in, but stayed by the broken door. Id. Appellant then yelled that someone was coming. T. at 168. Mr. Goines exited through the front door, encountered Ms. Chu, and got in the vehicle and drove away, leaving appellant behind. Id.

Doc. 9-1, Exhibit 7, pp. 61-62. Ladd has not proven by clear and convincing evidence that the state court's factual findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d at 397.

## II.    PROCEDURAL BACKGROUND

### A. State Conviction

On December 23, 2008, a Stark County Grand Jury indicted Ladd on one count of Burglary in violation of O.R.C. § 2911.12(A)(3), Case No. 2008CR2038. Doc. 9-1, Exhibit 1, p. 1. On February 18, 2009, a jury found Ladd guilty of Burglary as charged in the indictment. Doc. 9-1, Exhibit 2, p. 3. The trial judge conducted a sentencing hearing on February 23, 2009. Doc. 9-1, Exhibit 3, pp. 4-7. The trial court sentenced Ladd to five years on the burglary charge. Doc. 9-1, Exhibit 3, p. 5. Additionally, the trial court found that Ladd had violated his post release control in Stark County Court of Common Pleas 1999CR0259 and sentenced Ladd to an additional one year. Doc. 9-1, Exhibit 3, p. 5. The trial court imposed a total sentence of six years. Doc. 9-1, Exhibit 3, p. 5. The sentencing entry was journalized on February 26, 2009. Doc. 9-1, Exhibit 3, pp. 4-7.

B. **Direct Appeal**

Ladd, through counsel,[3] filed a notice of appeal to the Fifth District Court of Appeals – Case No. 2009CA00073. Doc. 9-1, Exhibit 4, p. 8. On May 28, 2009, Ladd filed his Brief. Doc. 9-1, Exhibit 5, pp. 13-39. Ladd asserted two assignments of error:

> I. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.[4]
>
> II. THE APPELLANT'S CONVICTION OF BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Doc. 9-1, Exhibit 5, p. 14. On June 19, 2009, the State of Ohio filed its Brief. Doc. 9-1, Exhibit 6, pp. 40-55. On September 14, 2009, the Fifth District Court of Appeals affirmed the judgment of the trial court. Doc. 9-1, Exhibit 7, pp. 56-64.

On October 28, 2009, Ladd, acting *pro se*, appealed the Fifth District Court of Appeal's decision to the Ohio Supreme Court – Case No. 09-1946. Doc. 9-1, Exhibits 8-9, pp. 65-81. Ladd raised the following Propositions of law:

> I. A defendant denied the effective assistance of counsel in violation of Article 1, Section 10 of the Ohio Constitution and the Sixth Amendments of the United States Constitution when he inadequately prepares for a strategic defense.
>
> II. If evidence is against the manifest weight sufficient to require a conviction, an accused is denied the right to a fair trial in accordance with Article 1, Section 10 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

Doc. 9-1, Exhibit 9, p. 67. On November 9, 2009, the State of Ohio filed a Waiver of Memorandum in Response. Doc. 9-1, Exhibit 10, p. 82. On January 27, 2010, the Ohio

---

[3] Ladd's appellate counsel was different than his trial counsel.

[4] Ladd claimed that his counsel was ineffective for failing to file motions in limine to exclude Chief Brink's testimony regarding the footprints in the snow and Detective Stanley's testimony referring to Ladd's tone of voice when Ladd was speaking with his girlfriend. Doc. 9-1, Exhibit 5, p. 20.

4

Supreme Court denied Ladd's leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Doc. 9-1, Exhibit 11, p. 83.

### C. Application to Re-Open Appeal

On December 22, 2009, Ladd filed an Application for Reopening Pursuant to App. R. 26(B) in the Fifth District Court of Appeals.  Doc. 9-1, Exhibit 12, pp. 84-95.  Ladd asserted two assignments of error, both of which involved claims of ineffective assistance of appellate counsel.  Doc. 9-1, Exhibit 12, p. 88, p. 92.

Under Assignment of Error No. 1, Ladd asserted:

> . . . the aspects of Ineffective Assistance of Counsel as delinquent the professional articulation of the issues of 1.) the foot step tracks in the snow, 2.) failure to make a Motion to Dismiss for Insufficient Evidence, 3.) failure to make Criminal Rule 29 Motion to Acquit and to preserve such issue for appeal, 4.) failure to make any Motions to Suppress Evidence rightfully entitled Appellant, and 5.) failed to Motion and acquire and Expert Witness that was again available by the Court and at the State's expense.

Doc. 9-1, Exhibit 13, pp. 88-89.

Under Assignment of Error No. 2, Ladd asserted that appellate counsel was ineffective "for improperly structuring his Merit Brief for Appeal with Error Assignment of Insufficiency of Evidence and a Criminal Rule 29 Acquittal error on behalf of the Trial Court When Appellant himself was fully demonstrated by the complete lack of evidence presented by the State Prosecutor with respect to having ties to the alleged crime."  Brief.  Doc. 9-1, Exhibit 12, p. 92.  More particularly, Ladd argued that his appellate counsel was ineffective for failing to raise the following proposed assignments of error on direct appeal:

1. The footstep tracks in the snow could not be assigned to anyone by any expert analysis, therefore to contend them as evidence proving Appellant's guilt beyond reasonable doubt was moot.

2. That there was absolutely no presentation to demonstrate Appellant's mental state was comprised of conspiracy to commit burglary, that there was no evidence to

> support Appellant even possessed any measure of knowledge of the crime even while it was in the process of being committed.
>
> 3. There was absolutely no evidence to support that Appellant participated in the commission of the alleged crime, there was no witnesses, no fingerprints, or other forensic evidences to associate or attach Appellant to the crime.

Doc. 9-1, Exhibit 12, p. 93.  On January 19, 2010, the Fifth District Court of Appeals denied Ladd's Application for Reopening Pursuant to App. R. 26(B) as untimely with no showing of good cause for the late filing.  Doc. 9-1, Exhibit 13, p. 96.  Ladd did not appeal the January 19, 2010, decision.

### D. Federal Habeas Corpus

On January 25, 2011, Ladd filed this petition for writ of habeas corpus.  Doc. 1.  He has asserted two grounds for relief:

> **Ground One:** Petitioner's Right to Effective Assistance of Counsel Guaranteed by the by the Sixth Amendment to the United States Const. & Article 1, Section 10 of the Ohio Const. was violated.  Thus infringing on Petitioner's Right to a Fair Trial.
>
> **Supporting Facts:** Counsel, having full knowledge of the States case, failed to adequately prepare for trial by not securing expert assistance to examine evidence for an accurate determination since there were more individuals beside Petitioner at the supposed crime.  The testimony of the State's witness was primary evidence, Counsel's lack of preparation signifies that Petitioner's interest were not at the forefront.  Further resulting in Petitioner's Right to a Fair Trial no longer being possible.
>
> **Ground Two:** Petitioner was denied his Constitutional Right to a Fair Trial in accordance with the Fourteenth Amendment of the U.S. Const. and Article 1, Section 10 of th Ohio Constitution.  As the Jury Clearly lost its way and created a Manifest Miscarriage of Justice.
>
> **Supporting Facts:** Though Petitioner's Ground for review boards that of a Manifest Weight challenge it will also be dispositive of the issue of sufficiency.  Thee record in this case reflects that no evidence exists to connect the Petitioner to the Burglary that was charged in this case.  Petitioner may enjoy the Right to a Fair Trial meaning, that when the evidence weights heavily in Petitioner's favor the Jury must find the Petitioner NOT GUILTY of the crime charged.  The standard of Innocent until proven guilty weighs significant credence, the jury's verdict reflects that it was not.

Doc. 1.

### III. ANALYSIS

**A. Ladd's first ground for relief is procedurally defaulted.**

"A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court." *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578 (2001).

A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); see also *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Moreover, "[i]ssues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition." *Baston v. Bagley*, 282 F.Supp.2d 655, 661

(N.D.Ohio 2003); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).

It is well settled that, in order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher*, 444 F.3d at 798; *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.[5] *See, e.g., Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

"Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice." *Williams v. Anderson*, 460 F.3d 789, 805-806 (6th Cir. 2006) (citing *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir.2006)). "[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)).[6] "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* (internal citations omitted). While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640

---

[5] The Sixth Circuit noted four actions a defendant can take in presenting a claim to the state courts that are significant to a habeas court's determination whether the defendant presented the claim in such a way as to alert the state courts to its federal nature: (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *McMeans,* 228 F.3d at 681.

[6] A petitioner also may "procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams,* 460 F.3d at 806; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

(1991), the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review.  *Williams,* 460 F.3d at 806.

In his first ground for relief, Ladd asserts that his trial counsel was ineffective for not securing an expert witness.  Doc. 1.  Ladd never presented this assignment of error to the Fifth District Court of Appeals.  His ineffective assistance of counsel assignment of error on direct appeal to that court was based on the argument that counsel was ineffective for failing to file motions in limine to exclude Chief Brink's testimony regarding the footprints in the snow and Detective Stanley's testimony referring to Ladd's tone of voice when Ladd was speaking with his girlfriend.  Doc. 9-1, Exhibit 5, p. 20.  It was not based on his counsel's failing to secure an expert witness.  Doc. 9-1, Exhibit 5, p. 20.  Thus, Ladd cannot be said to have presented both the factual and legal underpinnings of his first ground for relief to the state courts.  *Fulcher*, 444 F.3d at 798; *McMeans*, 228 F.3d at 681.   Following the Fifth District Court of Appeal's denial of Ladd's request for relief, Ladd appealed, *pro se*, to the Ohio Supreme Court.  Doc. 9-1, Exhibit 7, pp. 57-60; Doc. 9-1, Exhibit 8.  In his appeal to the Ohio Supreme Court, Ladd for the first time added failing to secure an expert witness to examine the footprint evidence as a basis for his ineffective assistance of counsel argument.  Doc. 9-1, Exhibit 8, pp. 70-71.  However, Ladd's failure to raise it in the Fifth District Court of Appeals bars federal habeas review notwithstanding his reference to it in the Ohio Supreme Court.  *Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level cannot be considered in a federal habeas petition").

Because Ladd did not fairly present his first ground for relief to the Fifth District Court of Appeals and because he failed to demonstrate, or even argue, cause and prejudice for said procedural default, his procedurally defaulted claim cannot be considered on federal habeas review.  *See O'Sullivan*, 526 U.S. 847-848 (finding that petitioner's failure to present his federal

9

habeas claims to the state's highest court in a timely fashion constituted procedural default of those claims); *Williams,* 460 F.3d at 806 (finding procedural default where an Ohio petitioner fails to demonstrate cause as to why a claim that could have been raised on direct appeal was not so raised); *Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level cannot be considered in a federal habeas corpus petition").

Additionally, although Ladd may have attempted to raise the issue of trial counsel's ineffectiveness for not securing an expert witness when he filed his application to re-open his appeal pursuant to App. Rule 26(B), that application did not preserve the claim for federal habeas review. An application to re-open only preserves an ineffective assistance of appellate counsel claim, not the underlying claims. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005) ("A Rule (26)(B) application 'based on ineffective assistance cannot function to preserve' the underlying substantive claim"). Moreover, Ladd did not appeal the Fifth District Court of Appeal's denial of his application to re-open to the Ohio Supreme Court.

In his Traverse, Ladd attempts to argue that his trial counsel was ineffective based on counsel's failure to file motions in limine in addition to failing to secure an expert witness. Doc. 14, pp. 5-8. However, in his habeas petition, Ladd does not assert a claim for ineffective assistance of counsel based on the failure to file motions in limine. Doc. 1, p. 5. A court is not required to address a theory of relief asserted only in a traverse but not in the habeas petition. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); *Jalowiec v. Bradshaw*, 657 F.3d 293, 311-312 (6th Cir. 2011). Accordingly, Ladd's argument that trial counsel was ineffective for failing to file motions in limine is not properly before this Court for its consideration.

### B. Ladd's second ground for relief is not cognizable on federal habeas corpus review and/or is procedurally defaulted.

#### a. Ground two is not cognizable.

In ground two, Ladd asserts that his conviction was against the manifest weight of the evidence.  Doc. 1, p. 7.  Because a claim that a conviction is against the manifest weight of the evidence does not raise a federal constitutional question, Ladd's second ground for relief is not cognizable in federal habeas corpus.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  A federal court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition."  *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted).

Ladd asserts that "the Jury Clearly lost its way and created a Manifest Miscarriage of Justice."  Doc. 1, p. 7.  Ladd also asserts that his "Manifest Weight challenge" will "be dispositive of the issue of sufficiency."  Doc. 1, p. 7.  Ladd attempts to argue that his weight of the evidence claim encompasses a sufficiency of the evidence claim (Doc. 14, pp. 8-10), yet his argument in this regard before the state courts was only a manifest weight of the evidence claim.  In his direct appeal, Ladd's second assignment of error was a manifest weight of the evidence

claim, not a sufficiency of the evidence claim.  Doc. 9-1, Exhibit 5, p. 21-22; Doc. 9-1, Exhibit 9, pp. 71-72.  Ladd himself identified the claims of weight of the evidence and sufficiency of the evidence as being distinct.   In his direct appeal to the Ohio Supreme Court, Ladd began his weight of the evidence argument with a quote from an Ohio Supreme Court case which highlights that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."  Doc. 9-1, Exhibit 9, p. 71 (quoting *State v. Thompkins*, 78 Ohio St.3d 380, paragraph two of the syllabus).   Ladd's claim is not cognizable in a federal habeas corpus proceeding and is not reviewable by this Court because "[a] 'manifest weight of evidence' claim, which is based on a state law concept that 'is both quantitatively and qualitatively different' from a constitutional due process sufficiency of evidence standard, raises an issue of state law only."  *Brown v. Moore*, 2008 WL 4239160, *8 (S.D. Ohio 2008) (citing 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1998)).

### b. To the extent that Ladd has asserted a sufficiency of evidence claim, ground two is procedurally defaulted.

Even if the Court construes Ladd's habeas petition to include a sufficiency of the evidence claim, Ladd admits that he "never submitted a sufficiency issue before the courts" (Doc. 14, p.3) and that "he never literally argued that, there was insufficient evidence to support his conviction." (Doc. 14, p. 9).  Accordingly, since Ladd failed to provide the state courts with an opportunity to adjudicate the claim of sufficiency of the evidence, that claims is procedurally defaulted.  See *O'Sullivan*, 526 U.S. 847-848 (finding that petitioner's failure to present his federal habeas claims to the state's highest court in a timely fashion constituted procedural default of those claims); *Williams,* 460 F.3d at 806 (finding procedural default where an Ohio petitioner fails to demonstrate cause as to why a claim that could have been raised on direct

appeal was not so raised); *Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level cannot be considered in a federal habeas corpus petition).

## IV. EVIDENTIARY HEARING

In his Traverse, Ladd requests discovery and an evidentiary hearing. (Doc. 14, p. 7). However, in *Cullen v. Pinholster*, ___U.S.___, 131 S.Ct. 1388, 1398–1401, 179 L.Ed.2d 557 (2011), the United States Supreme Court held that the AEDPA requires federal courts to evaluate the reasonableness of state court decisions on the basis of the "record in existence" before the state court at the time of the state court decision. Under *Pinholster*, federal courts generally may not consider new evidence developed at an evidentiary hearing in federal court on claims adjudicated on the merits in state court. *Id.* Because the Court has been able to resolve all of Ladd's claims by reference to the state court record, it follows that, under *Pinholster*, he is not entitled to an evidentiary hearing on his claims. Accordingly, Ladd's request for an evidentiary hearing is DENIED.

## V. CONCLUSION

For the reasons set forth herein, the undersigned recommends that Ladd's petition for a writ of habeas corpus (Doc. 1) be **DENIED** and this action be dismissed with prejudice.

September 10, 2012

_____
**KATHLEEN B. BURKE**
**U.S. MAGISTRATE JUDGE**

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).