UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRAD R. LADD, *Pro Se*, | ) | Case No.: 5:11 CV 173 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY TIBBALS, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On January 25, 2011, Petitioner Brad R. Ladd, *pro se* ("Ladd"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions for burglary and violation of post-release control. (Pet., ECF No. 1, at 1.) Petitioner raised two grounds for relief in his Petition: (1) denial of effective assistance of trial counsel; and (2) that his conviction was against the manifest weight of the evidence resulting in a denial of right to a fair trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, respectively. (*Id.* at 5, 7.) He also asserts violations of the Ohio Constitution. (*Id.*)

This case was referred to Magistrate Judge Kathleen B. Burke for preparation of a report and recommendation ("R&R"). The Magistrate Judge issued her R&R on September 11, 2012, recommending that the Petition be denied. (ECF No. 16.) Specifically, the Magistrate Judge concluded that ground one of the Petition should be denied because Ladd's ineffective assistance of counsel claim is procedurally defaulted since Ladd failed to raise this precise claim at every stage of his state court proceedings and failed to demonstrate cause for and prejudice resulting from the default or that the court's failure to review the claim would be a miscarriage of justice. (R&R, at

7–10, ECF No. 16.) The Magistrate Judge also determined that ground two should be denied because Petitioner's claim that his conviction was against the manifest weight of the evidence does not raise a federal constitutional question, and even if the court were to construe the claim as a sufficiency of the evidence claim, which implicates a due process violation, such claim is procedurally defaulted because it was not raised in his state court proceedings. (R&R, at 11–13, ECF No. 16.)

As of the date of this Order, Petitioner has not filed any objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after *de novo* review of the R&R, the Petition, and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 16). Consequently, Ladd's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 30, 2012